UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OVIDIO GARCIA, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-222 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's motion for summary judgment. D.E. 13. On April 9, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Respondent's motion be granted. D.E. 31. Petitioner filed his objections on May 1, 2014. D.E. 33. Petitioner's objections are set out and discussed below.

First, Petitioner objects to the Magistrate Judge's conclusion that his state habeas application was dismissed on the merits. Petitioner argues that the rejection of his underlying state habeas application should not be afforded a presumption of correctness because it was dismissed as a subsequent writ, not on the merits. In support of his argument, Petitioner relies on two statements in the state court's order denying relief. Petitioner first points to the court's statement describing the application as a "subsequent application for writ of habeas corpus." D.E. 7-43, p. 36. Next, Petitioner points to the court's statement that "[t]his application for habeas corpus involves the same facts and

the same issues of law as a prior writ that was denied without written order by the Court of Criminal Appeals . . . ." D.E. 7-43, p. 37.

Neither of these statements support Petitioner's argument that his claim was not disposed of on the merits. The fact that the court described Petitioner's 2012 habeas application as a "subsequent application" in its findings of fact does not mean that it dismissed the application on that basis. Indeed, the fact that the court denied relief instead of dismissing the petition indicates the opposite. *See Godfrey v. Dretke*, 396 F.3d 681, 685, n. 4 (5th Cir. 2005) (stating that a denial of relief instead of a dismissal indicates that the claims were accorded some level of judicial review and disposed of on the merits).

Moreover, the court's acknowledgement that Petitioner's 2012 application involved the same facts and the same issues of law as his 2009 application does not establish that the 2012 application was dismissed as a subsequent writ. Instead, it merely indicates that because Petitioner did not raise any new issues of law or fact that were different from his 2009 application, the same reasons supported the denial of his 2012 application. The state court habeas decision is entitled to a presumption of correctness. Accordingly, the de novo review and evidentiary hearing Petitioner seeks are not warranted. Petitioner's first objection is **OVERRULED**.

Petitioner's second objection regards his claim of a violation of the Ex Post Facto Clause. He argues that Respondent's motion for summary judgment should be denied because Petitioner has demonstrated a "high probability that the board members that have previously casted favorable votes for [his] release would have been part of a three

member panel under the former parole law . . . ." D.E. 33, p. 6. Petitioner argues that he has established votes in favor of release from three current board members "for a total of 50% for release approval out of the current designatable board members." D.E. 33, p. 9.

Petitioner argues that *Wallace v. Quarterman*[1] and *Kyles v. Garrett*[2] are distinguishable from his case because the three-member panel under the former parole law in those cases was permissive while the three-member panel under the former parole law in this case is mandatory. D.E. 33, p. 8. Additionally, Petitioner insists that *Wallace* and *Kyles* are distinguishable because those parole panels consisted of 18 members, as opposed to Petitioner's seven member review panel. D.E. 33, p. 9. Finally, Petitioner asserts that the former parole laws in *Wallace* and *Kyles* authorized commissioners to participate in the parole proceedings whereas the former parole law in Petitioner's case authorized only board members. D.E. 33, p. 9. Even assuming, without deciding, that Petitioner's claim is distinguishable on these bases, those differences do not frustrate the application of the core holding articulated in *Wallace* as controlling precedent in this case.[3]

To implicate the Ex Post Facto Clause, changes in parole law must "create more than a speculative, attenuated risk of affecting a prisoner's actual term of confinement." *Wallace v. Quarterman*, 516 F.3d 351, 356 (5th Cir. 2008). Section 508.046 of the Texas Government Code does not violate the Ex Post Facto Clause unless the plaintiff presents

---

[1] 516 F.3d 351 (5th Cir. 2008).
[2] 353 Fed.Appx. 942 (5th Cir. 2009).
[3] Petitioner also cites *Kyles* in support of his proposition, however, *Kyles* is not applicable here because the court in that case did not actually reach the question of whether the law at issue constituted an Ex Post Facto violation. Rather, the Fifth Circuit remanded the case because it concluded that the district court had analyzed the issue under the wrong case law.

evidence that he would have received the required two votes necessary for parole pursuant to the previous statute. *See id.* (pointing out the plaintiff's failure to produce evidence that certain board members would have been assigned to the three-person panel under the former parole law in affirming the lower court's denial of relief). In *Wallace*, a plaintiff offered evidence that two parole board members voted in favor of his parole to establish that the retroactive application of § 508.046 violated the Ex Post Facto Clause by producing an increased risk of confinement. *Id.* The Fifth Circuit found that the plaintiff's evidence provided no indication that the parole board members who voted favorably would have been assigned to the three-person panel under the previous statute, and thus the evidence was merely speculative. *Id.*

The argument put forth by Petitioner is similarly speculative and cannot establish a violation of the Ex Post Facto Clause. Petitioner insists that he would have had sufficient favorable votes for parole if the panel had consisted of three members instead of seven. Petitioner asserts that Juanita Gonzalez, who voted in favor of parole in the 2012 hearing, would have been a voter on the panel because she represents Petitioner's region of incarceration. Assuming this is true, *Wallace* instructs that Petitioner would still have to provide evidence indicating that another parole board member who voted favorably—namely, James LaFavers, who voted in favor of parole in 2012, or Conrith Davis, who voted for parole in 2006—would have been assigned to the three-person panel under the previous statute.

Petitioner provides no such evidence. Instead, he speculates that "[t]he probability that, at least one of those board members would have landed on a three board member panel (in addition to Juanita Gonzalez . . . ), under the old procedure, are extremely high," and he puts forth the unsubstantiated assertion that James LaFavers "unquestionably" would have been on the three-member panel. D.E. 33, p. 9. Petitioner points to no controlling precedent which suggests that a "high probability" of panel membership is sufficient to move a claim beyond the realm of speculation. Accordingly, in the absence of evidence demonstrating that at least two parole favoring voters would have been on the three-member panel, Petitioner's evidence that Juanita Gonzalez and James LaFavers voted to grant him parole in 2012 and that Conrith Davis voted in his favor in 2006 is insufficient to show more than a speculative, attenuated risk of Petitioner's actual term of confinement being affected. Without such a showing, Petitioner cannot establish a violation of the Ex Post Facto Clause. Therefore, Petitioner's second objection is **OVERRULED.**

Third, Petitioner reasserts his argument that the written report requirement constrained board members from casting votes in favor of parole because it created a high hurdle that had to be cleared before the board members could exercise their discretion. In support of his argument, Petitioner cites *Peugh v. United States*, 133 S.Ct. 2072 (2013). *Peugh*, which examined whether the application of sentencing guidelines promulgated after the petitioner in that case committed a criminal act were a violation of the Ex Post Facto Clause, is distinguishable from Petitioner's claim in a number of respects.

The court in *Peugh* addressed a sentencing matter, not a parole matter. Furthermore, the sentencing scheme at issue in *Peugh* required sentencing courts to provide "clear and convincing reasons" for a departure from the guideline sentencing range; however, the parole board members in this case are not similarly burdened. Contrary to Petitioner's interpretation of the written report requirement, parole board members are only required to "receive[] a copy of a written report from the department on the probability that the inmate would commit an offense after being released on parole." TEX. GOV'T. CODE § 508.046. Their discretion is not limited by any findings or conclusions in the report.[4] Accordingly, the written report requirement in § 508.046 does not rise to the height of the procedural hurdle rejected in *Peugh*. Indeed, the Fifth Circuit has previously held that providing the parole board with additional information to be considered when reaching their discretionary decision does not raise Ex Post Facto considerations. *Olmstad v. Collins*, 326 Fed.Appx. 261, 264 (5th Cir. 2009). Because Petitioner has not demonstrated that the written report requirement created a high hurdle that must be cleared before discretion can be exercised, his third objection is **OVERRULED.**

Fourth, Petitioner objects to the Magistrate Judge's statement that Petitioner's argument regarding the written report requirement was not properly before the court. Petitioner asserts that he raised the issue in his state habeas proceeding because he

---

[4] Petitioner's statement that "board members are constrained from casting a vote for release unless the board member first receives a written report from TDCJ stating that there is no probability that petitioner would commit criminal acts if released" suggests a misunderstanding of the statute. The statute does not require a determination by or from another department that there is no probability that an inmate would commit additional offenses after being released on parole. The statute only requires that a parole board member receive a report from TDCJ concerning the probability of recidivism.

challenged the statute in its entirety and quoted the entire statute, including the written report requirement. The Magistrate Judge's conclusion that Petitioner's written report claim was not properly before the court was based on the fact that Petitioner did not raise that argument in his federal habeas petition. Nevertheless, the Magistrate Judge addressed the argument, and the argument is also addressed herein. Accordingly, there is no basis for objection. Petitioner's fourth objection is **OVERRULED**.

Fifth, Petitioner objects to the Magistrate Judge's characterization of his argument with respect to the written report requirement. The Magistrate Judge states: "Petitioner asserts that [the written report requirement] violates the Ex Post Facto clause because it makes members less likely to vote for release." D.E. 31, p. 11. Petitioner contends that his argument is that the written report requirement constrains the board members from casting a vote for release because the board members need the authorization of TDCJ (via the written report) to exercise their discretion, the report has to come from a separate department, and the altered legal rule requires much more evidence than the former parole law. D.E. 33, p. 13-14. Petitioner insists that this is not a matter of simply requiring additional information—it is a matter of constraining the discretion of the board members to the point that it nullifies the discretion afforded to them.

As discussed above, the written report requirement simply requires that the board receive certain information before exercising its discretion to vote on the release of an inmate. The discretion of the board members is neither authorized nor proscribed by any finding or conclusion in the written report. The crux of Petitioner's argument is his belief that the written report requirement makes it less likely for a board member to vote in

favor of parole.  Any objection as to the Magistrate Judge's phrasing of Petitioner's argument is **OVERRULED**.

Sixth, Petitioner argues that the state court's denial of his claim was "contrary to and an unreasonable application of *Miller v. Florida*[5] and *Carmell v. Texas*."[6]  D.E. 33, p. 15.  The AEDPA precludes a state prisoner from obtaining relief with respect to a claim that was adjudicated on the merits in a state court proceeding unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* at 413.

Here, the cases cited by Petitioner cannot support his objection because they are not sufficiently similar to his case.  Although both cases are Ex Post Facto challenges, the particular legal issues and the material facts are different.  Both *Miller* and *Carmell* address changes in state sentencing schemes which affected those petitioners' initial

---

[5] 482 U.S. 423 (1987).
[6] 529 U.S. 513 (2000).

8 / 11

period of incarceration.  This is a parole issue, unrelated to Petitioner's initial sentencing. Given the material differences in the relevant facts, Petitioner cannot rely on two sentencing cases to support the proposition that the state court's decision to deny relief on an Ex Post Facto parole challenge was contrary to Supreme Court precedent.  Further, Petitioner cannot use these cases to establish an unreasonable application of Supreme Court precedent because the particular legal principles announced in the cases he cites are not the same legal principles at issue here.  In the absence of authority that is factually and legally analogous, Petitioner cannot establish that the state court's adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.  Petitioner's sixth objection is **OVERRULED**.

Finally, Petitioner objects to the Magistrate Judge's recommendation that a Certificate of Appealability (COA) be denied.  In order to warrant the issuance of a COA, the applicant must make a substantial showing of the denial of constitutional right. 28 U.S.C. § 2253(c)(2).  Where a district court rejects a petitioner's claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The standard is satisfied if the petitioner demonstrates that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In this case, Petitioner's claims with regard to the changes in the composition of the parole panel are foreclosed by Fifth Circuit precedent. *See Wallace*, 516 F.3d at 356. Petitioner's challenge as to the written report requirement is based on his misinterpretation of § 508.046, and he has not demonstrated that requiring parole board members to receive a report concerning his likelihood of committing a crime upon release limits the discretion of the parole board members. Furthermore, the Fifth Circuit has already held that providing the parole board with additional information to be considered when reaching their discretionary decision does not raise Ex Post Facto considerations. *Olmstad*, 326 Fed.Appx. at 264. For these reasons, reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong, could not disagree with the district court's resolution of Petitioner's constitutional claims, and could not conclude that the issues presented are adequate to deserve encouragement to proceed further. Petitioner's request for a Certificate of Appealability is denied.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 13) is **GRANTED**. Petitioner's request for a Certificate of Appealability

is **DENIED**. Any requests for discovery and/or evidentiary hearings are **DENIED** as moot.

ORDERED this 9th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE